UNITED STATES DISTRICT COURT
for the
EASTERN DISTRICT OF NORTH CAROLINA

**U.S.A. vs. James Dunston**                                      **Docket No. 5:22-CR-93-1FL**

**Petition for Action on Supervised Release**

COMES NOW Peter J. Yalango, U.S. Probation Officer of the court, presenting a petition for modification of the Judgment and Commitment Order of James Dunston, who, upon a plea of guilty to Conspiracy to Possess with Intent to Distribute and to Distribute over 280 Grams of Cocaine Base and Cocaine, in violation of 21 U.S.C. § 846 & 21 U.S.C. § 841(b)(1)(A)(iii), was sentenced by the Honorable Timothy S. Hillman, U.S. District Judge, on June 29, 2015, to the custody of the Bureau of Prisons for a term of 144 months. It was further ordered that upon release from imprisonment the defendant be placed on supervised release for a period of 60 months.

James Dunston was released from custody on April 6, 2022, at which time the term of supervised release commenced.

A Violation Report was submitted to the District of Massachusetts on April 15, 2022, stating the defendant submitted a urinalysis sample which tested positive for marijuana on April 12, 2022. This officer respectfully recommended no further action be taken as the defendant was referred for a substance abuse assessment at Daymark Recovery Services. No response was received from the District of Massachusetts.

Jurisdiction was transferred to the Eastern District of North Carolina on May 17, 2022, and assigned to Your Honor.

A Violation Report was submitted on June 10, 2022, stating the defendant committed the criminal offenses of Assault on a Female and Communicating Threats in Granville County, North Carolina, on June 1, 2022. This officer respectfully recommended no further action be taken pending disposition. Your Honor agreed with this recommendation on June 15, 2022. The criminal charges were dismissed.

A Violation Report was submitted on February 16, 2023, stating the defendant submitted a urinalysis sample which tested positive for marijuana on February 8, 2023. This officer respectfully recommended no further action be taken as the defendant was referred to Daymark Recovery Services for substance abuse counseling. Your Honor agreed with this recommendation on February 23, 2023.

A Violation Report was submitted on March 16, 2023, stating the defendant submitted a urinalysis sample which tested positive for marijuana on February 21, 2023. This officer respectfully recommended no further action be taken as the defendant was enrolled in group substance abuse counseling at Daymark Recovery Services. Your Honor agreed with this recommendation on March 20, 2023.

A Violation Report was submitted on March 11, 2024, stating the defendant committed the criminal offense of Assault on a Female in Granville County, North Carolina, on March 3, 2024. This officer respectfully recommended no further action be taken pending disposition. Your Honor agreed with this recommendation on March 12, 2024. The criminal charge was dismissed.

A Petition for Action on Supervised Release was submitted on November 26, 2024, requesting supervised release be modified to include the following condition: the defendant shall participate in a cognitive behavioral program as directed by the probation office. Your Honor ordered this modification on November 26, 2024.

James Dunston
Docket No. 5:22-CR-93-1FL
Petition For Action
Page 2

A Petition for Action on Supervised Release was submitted on June 13, 2025, requesting supervised release be modified to include the following condition: the defendant shall participate in a program of mental health treatment, as directed by the probation office. Your Honor ordered this modification on June 16, 2025.

At sentencing, the defendant was ordered to abide by mandatory, standard, and special conditions of supervised release. Pursuant to Section 5D1.4 of the Federal Sentencing Guidelines, the United States Probation Office has conducted an individualized assessment, taking the following factors into consideration: 18 U.S.C. § 3583(c) and (e)(2). Based on this assessment, it is recommended that the defendant be subject to the mandatory conditions that were imposed at sentencing, and the standard conditions, as referenced in the current standing order, and special conditions, as well as any other conditions previously imposed by means of prior court action during the term of supervision.

**IT IS THE ORDER OF THE COURT THAT YOU SHALL COMPLY WITH THE FOLLOWING STANDARD CONDITIONS:**

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment, you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about work (such as position or job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

**James Dunston**
**Docket No. 5:22-CR-93-1FL**
**Petition For Action**
**Page 3**

11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

**IT IS THE FURTHER ORDER OF THE COURT THAT YOU SHALL COMPLY WITH THE FOLLOWING SPECIAL CONDITIONS:**

1. The defendant shall participate as directed in a program approved by the probation office for the treatment of narcotic addiction, drug dependency, or alcohol dependency which will include urinalysis testing or other drug detection measures and may require residence or participation in a residential treatment facility.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

Based on the individualized assessment of this case, it is respectfully recommended that the defendant comply with the above conditions.

The defendant signed a Waiver of Hearing acknowledging and agreeing to the standard and special conditions as outlined above.

**PRAYING THAT THE COURT WILL ORDER** the defendant is continued under supervision and subject to the above listed conditions of supervision. To the extent that any of these conditions vary from those imposed at the time of sentencing, based on the individualized assessment conducted, these conditions replace those originally imposed. In consultation with the probation officer the court has conducted an individualized assessment and except as herein modified, the judgment shall remain in full force and effect.

I declare under penalty of perjury that the foregoing is true and correct.

/s/ Peter J. Yalango
Peter J. Yalango
U.S. Probation Officer
310 New Bern Avenue, Room 610
Raleigh, NC 27601-1441
Phone: 910-849-4536
Executed On: June 22, 2026

**James Dunston**
**Docket No. 5:22-CR-93-1FL**
**Petition For Action**
**Page 4**

## ORDER OF THE COURT

Considered and ordered this ____13th____ day of _____July_____, 2026, and ordered filed and made a part of the records in the above case.

_Louise W. Flanagan_
Louise W. Flanagan
U.S. District Judge